**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rebecca D. Mazeau,<br><br>                     Plaintiff,<br><br>v.<br><br>SHPS, Inc., et al.,<br><br>                     Defendants. | No. CV13-00797-PHX-DGC<br><br>**ORDER** |

On September 9, 2013, the Court granted Plaintiff Rebecca D. Mazeau's motion to dismiss without prejudice. Doc. 22. The following day, Plaintiff filed a motion to reinstate the case. Doc. 23. The Court will deny the motion.

Defendants SHPS, Carewise Health Inc., and Landacorp, Inc. correctly note in their response that there is no "case" to reopen. Doc. 24 at 2. "[A] suit dismissed without prejudice pursuant to Rule 41(a)(2) leaves the situation the same as if the suit had never been brought in the first place." *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir. 1959). As outlined above, this case was dismissed without prejudice on Plaintiff's motion. Accordingly, if the dismissal "leaves the situation the same as if the suit had never been brought," Plaintiff's case is no longer before the Court.

Plaintiff states that she is "now able to move forward with this matter," but cites no authority that would allow the Court to reinstate a case that *she* requested to dismiss. Litigants may not voluntarily dismiss and reinstate claims at their leisure. To do so would run afoul of the Federal Rules of Civil Procedure. If Plaintiff wishes to pursue the

claims that have been dismissed, she must file a new action.

**IT IS ORDERED** that Plaintiff's motion to reinstate the case (Doc. 23) is **denied**.

Dated this 6th day of November, 2013.

_____
David G. Campbell
United States District Judge